Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA-MARIE TSCHUDY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**LIFE INSURANCE COMPANY OF NORTH AMERICA, REALPAGE, INC., and THE SHORT-TERM DISABILITY INCOME PLAN FOR THE EMPLOYEES OF REALPAGE, INC.,**<br><br>    **Defendants.** | Case No. 3:22-cv-00960-AR<br><br>**FIRST AMENDED COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a))** |

/ /

/ /

/ /

**FIRST AMENDED COMPLAINT - Page 1 of 9**

## I. NATURE OF THE CASE

1.

This is an action for a determination of plaintiff Anna-Marie Tschudy's rights to disability benefits and to recover such benefits and other equitable relief.

2.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

3.

On or about January 27, 2021, Ms. Tschudy became disabled as the result of cognitive dysfunction and other symptoms and submitted a claim through her employer, RealPage, Inc.'s, group disability plan. Defendant Life Insurance Company of North America ("LINA") evaluated and approved Ms. Tschudy's claim. Based upon LINA's claim approval, Ms. Tschudy was paid STD benefits for two weeks, however, LINA then wrongfully terminated her claim and STD benefits, effective February 17, 2021. Ms. Tschudy submitted a timely ERISA appeal of LINA's termination decision, asking LINA to reinstate and pay her STD claim and to approve and pay her long-term disability ("LTD") benefits. LINA refused to reinstate Ms. Tschudy's claim or pay her additional disability benefits in violation of ERISA.

## II. PARTIES

4.

Anna-Marie Tschudy is an adult and a resident of Washington County, Oregon, and was at all times material an "employee" of RealPage, Inc., within the meaning of ERISA § 3, 29 U.S.C. § 1002(6).

5.

Ms. Tschudy is a "participant," as defined by ERISA § 3, 29 U.S.C. § 1002(7), in RealPage's group disability plan(s).

6.

Defendant The Short-Term Disability Income Plan for the Employees of RealPage, Inc. ("the STD Plan") is a self-insured "employee welfare benefit plan" within the meaning of ERISA § 3, 29 U.S.C. § 1002(1).

7.

Defendant RealPage, Inc. ("RealPage") is a domestic corporation registered in Texas.

8.

RealPage is the "plan sponsor" of the STD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16)(B) and an "administrator" of the STD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16)(A). RealPage self-funds benefits under the STD Plan and therefore is liable for paying Ms. Tschudy the benefits she erroneously has been denied under the STD Plan.

9.

RealPage is the "plan sponsor" of the Real Page, Inc. group LTD plan ("the LTD Plan") within the meaning of ERISA § 3, 29 U.S.C. § 1002(16)(B) and an "administrator" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16)(A).

10.

Dendant LINA, a subsidiary of Cigna Corporation, made the material decisions regarding Ms. Tschudy's benefit claim at issue in this case, including to approve her STD claim, terminate her STD claim, and deny her ERISA appeal, which included her request to approve and pay STD

benefits and LTD benefits.

11.

LINA is a "fiduciary" of the STD Plan and of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21)(A) and with respect to Ms. Tschudy's disability claim at issue in this case.

12.

Whereas STD claims are paid out of RealPage's assets, LINA fully insures the LTD Plan through policy LK-960835, which LINA issued to RealPage.

### III.    JURISDICTION AND VENUE

13.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, et seq., ERISA § 502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1). Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, the breach took place in this district.

### IV.    STATEMENT OF FACTS

14.

In October 2017, Ms. Tschudy began to work for Lease Labs, Inc., which was subsequently acquired by RealPage, Inc.

15.

On or about January 27, 2021, Ms. Tschudy stopped working due to disabling symptoms, including dizziness, vertigo, cognitive problems, chronic fatigue, blurred vision, headaches, neck and joint pain, numbness and tingling.

//

//

16.

Ms. Tschudy subsequently submitted to LINA a claim for disability benefits through the STD Plan.

17.

By letter dated February 12, 2021, LINA, on behalf of the STD Plan, approved Ms. Tschudy's disability claim, effective January 27, 2021, and issued STD benefits effective February 3, 2021.

18.

By letter dated February 24, 2021, LINA, on behalf of the STD Plan, terminated Ms. Tschudy's disability claim and STD benefits, effective February 17, 2021.

19.

By letter dated September 20, 2021, and subsequent submissions, Ms. Tschudy appealed LINA's claim termination decision pursuant to ERISA. In her September 20, 2021, letter of appeal, Ms. Tschudy requested that LINA reinstate her STD claim and approve her LTD claim.

20.

By letter dated April 15, 2022, LINA denied Ms. Tschudy's ERISA appeal and affirmed its termination decision.

V.     CLAIMS

**FIRST CLAIM -- CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE BENEFITS RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

21.

Ms. Tschudy realleges paragraphs 1 through 20.

22.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Ms. Tschudy is entitled to recover benefits due under the STD Plan and LTD Plan that were wrongfully denied, commencing February 17, 2021, and to enforce her rights under the terms of the STD Plan and LTD Plan.

## SECOND CLAIM -- CLAIM TO ENFORCE TERMS OF THE PLAN UNDER ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

23.

Ms. Tschudy realleges paragraphs 1 through 22.

24.

Pursuant to ERISA § 3, 29 U.S.C. § 1002(21)(A), defendants were responsible for the approval, payment, and/or denial of benefits under the terms of the STD Plan and/or LTD Plan and therefore were "fiduciar[ies]" under ERISA.

25.

ERISA imposes strict fiduciary duties upon plan fiduciaries, including defendants. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), states in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

26.

Defendants violated their obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the STD Plan and/or LTD Plan and breached their fiduciary duties to Ms. Tschudy.

27.

As a direct and proximate result of defendants' acts and omissions, Ms. Tschudy has suffered losses and seeks equitable relief compelling defendants to restore to Ms. Tschudy all losses, including interest, arising from their breaches of fiduciary duties.

28.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Ms. Tschudy seeks equitable remedies, including, without limitation, relief from defendants resulting from their unjust enrichment, as well as disgorgement, restitution, estoppel, surcharge, and/or injunctive or declaratory relief arising out of their failure to administer the terms of the STD Plan and/or LTD Plan.

## THIRD CLAIM -- CLAIM FOR ATTORNEY FEES AND COSTS
## UNDER ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)

29.

Ms. Tschudy realleges paragraphs 1 through 28.

30.

Ms. Tschudy is entitled to recover her attorney fees and costs under 29 U.S.C. § 1132(g)(1).

## VI.    REQUEST FOR RELIEF

**WHEREFORE**, Ms. Tschudy requests that this Court:

1. Enter judgment in Ms. Tschudy's favor and against defendants RealPage and the STD Plan for damages in an amount to be proven at trial due to their failure to provide

benefits due under the STD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    2.    Enter judgment in Ms. Tschudy's favor and against defendants RealPage and the STD Plan establishing Ms. Tschudy's right to receive benefits under the STD Plan and enforcing the terms of the STD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    3.    Enter judgment in Ms. Tschudy's favor and against defendant LINA afor damages in an amount to be proven at trial due to its failure to provide benefits due under the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    4.    Enter judgment in Ms. Tschudy's favor and against defendant LINA establishing Ms. Tschudy's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    5.    Enter judgment in Ms. Tschudy's favor and against defendants awarding Ms. Tschudy equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

    6.    Enter judgment in Ms. Tschudy's favor and against defendants awarding Ms. Tschudy her attorney fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

//
//
//
//
//
//

7.  Enter judgment in Ms. Tschudy's favor against defendants awarding Ms. Tschudy such other relief as is just and proper.

DATED: August 12, 2022.

> Respectfully submitted,
>
> /s/ Megan E. Glor
> Megan E. Glor, OSB No. 930178
> megan@meganglor.com
> Phone: (503) 223-7400
> Fax: (503) 751-2071
> Attorney for Plaintiff